Day, J.
It is claimed that the second count of the indcitment, upon which the defendants pleaded guilty, is fatally ■defective, because it is not averred therein that the present- ' ment was made “ in the name and by the authority of the State of Ohio.”
The constitution requires that “all prosecutions shall be carried on in the name, and by the authority, of the State of Ohio.” It is very clear, from the caption of the indictment, that the prosecution was carried on as required by the constitution. It does not require this to be averred in every count of the indictment. It is sufficient if it appear in the caption.
But it is claimed that the nolle 'prosequi,'entered as to the ifirst count, had the effect to annihilate that count, together with the express averment in the commencement that the presentment was “ in the name, and by the authority, of the .'State of Ohio.” It is fairly inferable from the record, that the nolle was not entered until after the plea and judgment; ibut, however that may be, all the ‘nolle signified was, that the prosecution would proceed no further on the charge «preferred in that count of the indictment. It left all parts of the indictment to stand unaffected, except that part of .the count which contains the charge of the crime therein •averred. That part containing the averment referred to properly constitutes part of the caption to the indictment, and was unaffected by the nolle. Wharton’s Am. Crim. Law, ■secs. 219, 221, 223.
The constitutional requisition under consideration is complied with, if it appear from the caption of the indictment *275 that the prosecution was “in the name, and by the authority, of the State of Ohio,” without a formal statement thereof in each count of the indictment. 1 Whar. Am. Crim. Law, sec. 223. This was all that was required in indictments prosecuted under the common law; and it has been held in a number of the States, having constitutional provisions in this respect like that of our own, that “ a formal statement in the indictment that it was found by the authority of the State is not necessary, if it appear from the record that the prosecution was in the name of the State.” Allen v. The Commonwealth, 2 Bibb. 210; Greeson v. The State, 5 Howard's Miss. Rep. 33.
The next error alleged is, that “ there is no crime set out in the indictment.” This presents a question of more difficult solution.
It cannot have been regarded as an indictment under the 8th section of the “ act for the prevention of gaming,” as amended April 10, 1868 (65 O. L. 84); for that section provides, “ That if any person or persons shall keep or exhibit, for gain, any gaming table,” etc., shall “be fined in any sum not less than fifty, nor more than two hundred dollars,” etc. The indictment does not charge that the defendants kept the gaming devices therein specified “ for gain; ” and, moreover, the penalty adjudged by the court is much higher than that warranted by this section of the statute.
Evidently the indictment was founded upon the 2d section of the “ act more effectually to prevent gambling,” as amended April 17,1857 (S. & C. 662), which is as follows:
“Sec. 2. That if any person shall keep or exhibit any gaming table, establishment, device, or apparatus to win or gain money or other property of value, or shall aid, assist, or permit others to do the same, or if any person shall engage in gambling for a livelihood, or shall be without any fixed residence, and in the habit or practice of gambling, he shall be deemed and taken to be a common gambler, and upon conviction thereof shall be imprisoned in the county jail not less than one nor more than six months, and be fined in any sum not exceeding five hundred dollars.”
*276 It cannot be, as bas been suggested, that the words, “ to win or gain money ” are used in this section as descriptive only of the “apparatus” named; for, if that were so, the mere keeping of gaming implements would be an offence visited with a much heavier penalty under this section, than that of keeping the same implements “for gain” under the section before mentioned.
It was evidently not the purpose of the legislature, by the enactment of 1868, to supersede that of 1857; for, while by the latter it was a penal offence for persons to keep gaming devices to gamble with themselves, by the former it was made an offence for persons to keep them to be used by others for gain to themselves.
The statute upon which this indictment was framed is highly penal. Such statutes are to be strictly construed, and cannot be extended by implication to cases not falling within their terms.
It is manifest from the language of the section on which the indictment was founded, that “ common gamblers” were the persons intended to be punished thereby. It is, therefore, made penal for a person to keep or exhibit any gaming device for the purpose of gambling therewith, or to “ aid, assist, or permit others to do the same,” that is, to aid, assist, or permit others to heej> or exhibit gaming devices for the same purpose. To keep or exhibit gaming apparatus, without any purpose of gambling therewith, or of gain.to the person keeping it, but merely for others to gamble with, may come within the spirit and reason of this section ; but, according to its plain, grammatical construction, it does not come within the language used in it. Such keeping of gaming devices would not be a keeping of them “ to win or gain money; ” nor would it be aiding, assisting, or permitting others to “ keep or exhibit ” them “ to win or gain money.” The statutory offence is, to keep or exhibit gaming implements, or to aid, assist, or permit others to keep or exhibit them, to win or gain money or other property of value. The mere permitting others to gamble with gaming implements *277 kept by a person does not strictly come witbin. the offence described in this section of the statute.
This indictment merely charges that the defendants kept and exhibited certain gambling devices, with intent that others should gamble therewith, and by means of which they did gamble. It is not averred that the defendants kept and exhibited such devices to win or gain money or other property, or that they aided, assisted, or permitted others to keep or exhibit them for that purpose. The averments in the indictment, therefore, do not show an offence under this section of the statute.
It follows that the judgment of the court below must be reversed.
Brinkerhore, O.J., and Scott, Welch, and White, JX, concurred.